UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>              Petitioner,<br>vs.<br><br>LOS ANGELES COUNTY COURTHOUSE CORPORATION,<br><br>              Respondent. | No. CV 17-4103 AG (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE |

On or about June 1, 2017, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The petition challenges petitioner's 2017 convictions for assault (Cal. Penal Code § 245) and resisting arrest (Cal. Penal Code § 69). (*See generally id.*)

Petitioner states that he is unsure whether his attorney filed a notice of appeal on his behalf. However, the Court takes judicial notice of California Court of Appeal records (located on the California Court of Appeal case information website, http://www.courts.ca.gov/courtsofappeal.htm) which show that on April 12, 2017, petitioner appealed the convictions challenged here. *See Porter v. Ollison*, 620 F.3d 952, 945-55 (9th Cir. 2010) (courts may take judicial notice of

///

state court records found on the internet). That appeal remains pending before the California Court of Appeal.

Generally, a federal court may not consider the merits of a habeas corpus petition challenging a state-imposed judgment unless the habeas petitioner has exhausted his state-court remedies with respect to every claim presented in the petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Exhaustion requires that the petitioner fairly present each claim in the petition to the highest court of the state that imposed the challenged judgment. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Because petitioner's case is not yet final on appeal, the exhaustion issue here is governed by the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. *Id.* at 633. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. *Id.* The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.

/ / /

> As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th
> Cir. 1969), even if the federal constitutional question raised by the
> habeas corpus petitioner cannot be resolved in a pending state appeal,
> that appeal may result in the reversal of the petitioner's conviction on
> some other ground, thereby mooting the federal question.

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Because petitioner's direct appeal is still pending, *Sherwood* requires that the petition be dismissed. *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2014) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." (citations omitted)).

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 22, 2017

_____
ANDREW GUILFORD
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
 FREDERICK F. MUMM
 United States Magistrate Judge